I respectfully concur in part and dissent in part. Simply stated, this case involves claims by Barille, an electrical contractor, against two organizations that successively performed work on the premises where his injury occurred. Many other parties were involved throughout the project in this case, and claims were raised against a total of twenty-six organizations.
Heinen's was the existing tenant of the premises and first organization to perform work on the site. Meyer, dba Executive Building Maintenance, was the second entity. The premises were subsequently turned over to the next tenant, Marc's, and Barille was injured while performing electrical work for them. As noted by the majority, the trial court improperly granted summary judgment in favor of Heinen's and Meyer on causation grounds.
The remaining question is which entity or entities cut the electrical wires to the main electrical distribution panel. I concur in the majority opinion reversing summary judgment in favor of Heinen's because (1) Heinen's did dispute that it cut the wires for purposes of summary judgment, and (2) Barille presented substantial evidence that Heinen's cut the wires. I dissent from the majority's opinion reversing summary judgment for Meyer, however, because Barille did not present any evidence that Meyer was negligent.
Meyer's motion for summary judgment was supported by an affidavit and copy of his contract with the owner of the premises. The contract specifically excluded electrical work and stated that electrical work would be completed before the interior remodeling. Meyer expressly stated in his affidavit that neither he nor any of his employees were electricians and none of them cut any electrical wires. (Id. at paragraphs seven and eight.)
The production of this evidence placed the burden on Barille to "set forth specific facts showing there is a genuine issue for trial." Civ.R. 56 (E). In response, Barille submitted a one and one-fourth-page brief in opposition, which incorporated the materials submitted in opposition to Heinen's motion for summary judgment. Barille pointed to one sentence from Meyer's deposition testimony which stated that it was "impossible that anyone who came after [him] cut those conduits and removed the wire from them."
This was the sum total of evidence and argument presented by Barille to contest Meyer's express testimony that the contract did not require his company to do electrical work and that his company did not do so. Because Barille failed to present any evidence that Meyer cut the wires to the main electrical distribution panel, or cut any wires for that matter, I would affirm the order of the trial court granting summary judgment against him on his claim against Meyer.
A party does not present a prima facie case of negligence against either of two defendants by showing merely that he has been injured by the negligence of one or the other of them. Instead, the party must produce evidence sufficient to support a finding of negligence on the part of each individual defendant against whom he makes a claim.
Heinen's motion for summary judgment made no argument that it did not cut the wires. Moreover, as noted by the majority, Barille submitted substantial evidence that Heinen's cut the wires before turning the premises over to Meyer. Although Heinen's denied cutting any wires, the Heinen's employee in charge admitted to cutting at least some wires. Heinen's brief on appeal admits to cutting some wires. (Brief at p. 3.) Six witnesses, including two independent witnesses, cited by Barille also observed cut wire when Heinen's was in control of the premises and before Meyer performed any work on the premises.
Barille produced no such evidence against Meyer. The majority alludes to Meyer's deposition testimony in an effort to fill this gap. The relevant portion of Meyer's deposition testimony provides in its entirety as follows:
 BARILLE'S COUNSEL: The conduits coming from the main electrical room that you saw cut just outside the room with the wire missing, that was done before you started your work?
MEYER: Yes.
 BARILLE'S COUNSEL: So am I correct that it is, therefore, impossible that anyone who came after you cut those conduits and removed the wire from them?
MEYER: Yes.[1]
BARILLE'S COUNSEL: It had to be before you started?
MEYER: It was done before I started.
 BARILLE'S COUNSEL: It certainly was done before any of the contractors from Marc's arrived on the scene to do any of this work?
MEYER: Yes.
BARILLE'S COUNSEL: I have no more questions.
(Tr. 50-51.)
The sole issue is whether Barille produced sufficient evidence to satisfy his burden of identifying Meyer as the tortfeasor who cut the wires. Meyer stated the wires were cut before he started work. He admitted that the wires were not cut by anyone who began after him. Finally, he stated that the wires were cut before any of Marc's contractors arrived to perform work. Elsewhere, Barille was identified as one of Marc's contractors.
Taken alone, none of these statements exculpated any of the remaining parties then in the litigation: that is, Heinen's, T.W. Grogan Co., Mark Grogan, or Marc's. Nor did any of thesestatements, either directly or indirectly, identify Meyer as theparty who cut the wires. Barille thereafter voluntarily dismissed without prejudice his claims against T.W. Grogan Co. and Grogan, who dismissed, in turn, their claims against Marc's. Barille now essentially argues by process of elimination that, because there are only two remaining defendants, Heinen's and Meyer, either one or the other cut the wires.[2]
While this is an elegant argument, one cannot logically construe Meyer's deposition testimony as leaving an either/or choice between Heinen's and Meyer as the entity to cut the wires. First, the deposition provides no basis for excluding the three other parties later dismissed from the litigation or for treating Meyer differently from them. Even if one construed the deposition testimony as presenting such an either/or choice, however, this testimony by itself provides no basis for selecting either one of the remaining two defendants. In short, contrary to the majority opinion, without some additional evidence to identify which party cut the wires, one cannot prove, by a preponderance of the evidence, that either party cut the wires.
There was evidence, however, submitted by Barille that Heinen's cut the wires. Even if one disregards this evidence as Barille now requests, there is no basis for finding that Meyer cut them. The record contains no affirmative evidence that Meyer cut the wires. Nor can we logically draw that conclusion from the statements by three Heinen's employees that they did not cut the wires. No one from Heinen's, moreover, or any other organization, testified that Meyer cut the wires.
The Ohio Supreme Court has held that "an inference of negligence can arise only upon direct proof of some fact from which such inference can be reasonably drawn; it can never arise from mere guess, speculation, or wishful thinking." Laughlin v.City of Cleveland (Cleveland Transit System) (1959), 168 Ohio St. 576, syllabus paragraph two. The obligation to construe the evidence in the light most favorable to the non-moving party does not permit the court to ignore these principles. Id. at syllabus paragraph three.
Under the circumstances, Barille did not present evidence from which one could make a reasonable inference that Meyer cut the wires. As a result, the trial court properly found that there was no genuine issue of material fact, reasonable minds can reach but one conclusion, and Meyer was entitled to judgment as a matter of law. For these reasons, I concur in the order reversing summary judgment for Heinen's, but dissent from the order reversing summary judgment for Meyer.
[1] This was the only statement Barille cited in his brief opposing Meyer's motion for summary judgment.
[2] There is no more evidence in the record that Meyer cut the wires than there is evidence that the dismissed parties, T.W. Grogan Co., Grogan, or Marc's, cut the wires.